UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES J. BERTRAND, et al.,

      Plaintiffs,

  v.                                          Case No. 07-C-602

FEDERAL PACIFIC ELECTRIC COMPANY, et al.,

      Defendants.

## ORDER GRANTING MOTION TO REMAND

      Plaintiffs' claims in this case arise from the death of Jessica M. Bertrand following a fire that occurred in March, 2004, in the duplex in which she and her son, Hunter Bertrand, resided. The duplex was owned by the Marinette Housing Authority and located in Marinette, Wisconsin. On March 5, 2007, plaintiffs filed an action in Marinette County Circuit Court, asserting various claims against the City of Marinette, the company responsible for the installation of the smoke alarms, and various other companies involved in the design, manufacture, and/or sale of the electric baseboard heater, the electrical panel and circuit breakers that were installed in the home, as well as the sofa that apparently ignited in the course of the fire. Additional parties involved in design, manufacture, sale, and/or installation of the foregoing items, or their components, were added in an amended complaint so that as the case now stands, there are eighteen named defendants, not including insurers. The sole federal claim in the case is a questionable 42 U.S.C. § 1983 claim against the City of Marinette and the Marinette Housing Authority (hereinafter "the City") for somehow

violating the due process rights of Jessica Bertand and her son.[1] Based upon that claim, the City filed a notice of removal of the case to federal court on June 29, 2007. (Docket # 2).

The case is now before me on the plaintiffs' motion to remand the case to state court on the ground that written consent to removal by all of the defendants was not timely filed. (Docket # 72). Specifically, the City contends that the consent of Defendant Best Craft Furniture, Inc. ("Best Craft"), to removal was only alleged in the notice and no written consent was filed by Best Craft within the time allowed. Alternatively, plaintiffs argue that Best Craft may not have actually consented to removal at all, because the individual signing on its behalf lacked proper authority to do so. In response to the motion to remand the case to state court, the City, joined by other defendants, has moved to amend its notice of removal. (Docket # 131). Also before the Court is a motion by Society Insurance to intervene in the matter, bifurcate insurance from liability issues, and stay proceedings on liability issues. (Docket # 112). Other motions before the Court include a motion to dismiss claims against Julie Lindquist filed by that defendant, (Docket # 142), and a motion for leave to amend an answer to include affirmative defenses, filed by Defendant NEWCAP (Docket # 154). For the following reasons, plaintiffs' motion to remand will be granted on the basis of a procedural defect in the removal. Accordingly, all other motions before the Court will be denied as moot.

---

[1] The claim is questionable because it is well established that liability under § 1983 "cannot be founded on negligence," *see Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir.2006) (citing, inter alia, *Daniels v. Williams*, 474 U.S. 327, 330 (1986)), and no other basis of liability appears in the complaint.

2

## ANALYSIS

### I. Remand and the Rule of Unanimity

The principles governing removal are generally well-established and clear. "The district court, in a challenged case, may retain jurisdiction only where its authority to do so is clear. Any other holding would detract from principles of federalism, comity, and the sovereignty of the several states." *Gorman v. Abbott Laboratories*, 629 F. Supp. 1196, 1203 (D.R.I. 1986). "The removing party bears the burden of showing that removal was proper." *Medical College of Wisconsin Faculty Physicians & Surgeons v. Pitsch*, 776 F. Supp. 437, 439 (E.D. Wis. 1991). "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Albonetti v. GAF Corporation-Chemical Group*, 520 F. Supp. 825, 827 (S.D. Tex. 1981).

"As a general rule, all defendants must join in a removal petition in order to effect removal." *Northern Illinois Gas Co. v. Airco Industrial Gases, Div. of Airco, Inc.*, 676 F.2d 270, 272 (7th Cir. 1982); *Padden v. Gallaher*, 513 F. Supp. 770, 771 (E.D. Wis. 1981). Oral consent is not valid; each defendant must consent in writing for itself. *Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997). "Unanimity among the defendants must be expressed to the Court 'within thirty days after the receipt by the defendant . . . of the copy of the initial pleading' containing the removable claim." *Production Stamping Corp. v. Maryland Cas. Co.*, 829 F. Supp. 1074, 1076 (E.D. Wis. 1993) (quoting 28 U.S.C. § 1446(b)). "Each defendant must communicate his consent to the court by way of "an official filing or voicing of consent." *Id.* (quoting *Knickerbocker v. Chrysler Corp.*, 728 F. Supp. 460, 461-62 (E.D. Mich. 1990). Although the time limitation may be waived, *Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of North America*, 841 F.2d 1254, 1263 (5th Cir.

1988), it is otherwise mandatory and must be strictly construed. *Moody v. Commercial Ins. Co.*, 753 F. Supp. 198, 202 (N.D. Tex. 1990). If unanimity among the defendants is not achieved within the thirty day time period, "the district court shall remand the case . . . ." 28 U.S.C. § 1447(c). An exception to the requirement of unanimity exists as to defendants who are nominal or formal party-defendants or were not yet served with process. *Production Stamping Corp.,* 829 F. Supp. at 1076, n. 1 (citing *Moody v. Commercial Ins. Co.*, 753 F. Supp. 198, 200 (N.D. Tex. 1990)). The rule also need not be satisfied if the removed claim is "separate and independent" under 28 U.S.C. § 1441(c). *Id.* None of these exceptions applies here.

## II. Discussion

The Seventh Circuit has not squarely addressed whether removal is procedurally deficient where a defendant has provided written consent to other defendants within the thirty day time limit, but not filed it with the court. In the instant case, parties agree that July 29, 2007 marked the end of the relevant thirty day time period in which defendants were required to demonstrate unanimity. By that date, twelve defendants provided written consent to counsel for the Electric Companies, who delivered it for filing with the Court in a timely manner. Defendants allege that Best Craft intended its written consent to be filed with these others, but counsel for the Electric Companies did not have Best Craft's written consent in time to include it in the filing. The City stated in its notice that Best Craft had orally consented to removal, but that "a written consent to removal form [would] be filed separately with the Court." (Roman Aff. ¶ 7B). Best Craft's written consent was not filed, however, until after the thirty-day time period had passed. Defendants claim that Best Craft nonetheless consented to removal in writing and in a timely manner by sending a signed consent

4

form on the morning of June 29, 2007 to defense counsel coordinating the removal, albeit not to the Court. Defendants alternatively contend that if Best Craft's consent was not properly established, the error was minor and curable as a mere technicality. I disagree.

I see no reason to depart from the rule set forth in *Production Stamping Corp.*, that unanimity "must be expressed *to the Court*." 829 F. Supp. at 1076 (emphasis added). Defendants implicitly acknowledged the importance of the communication of Best Craft's written consent to the Court in its notice when it promised such documentation would be forthcoming. An examination of defendants' communications to the Court within the thirty day time limit reveals only an allegation of Best Craft's oral consent and a prediction that written consent would be provided. The provision of oral consent is clearly deficient under the law of this circuit, *Gossmeyer* 128 F.3d 481, and a promise that procedural rules would eventually be fulfilled does not relieve the duty of "[e]ach defendant [to] communicate his consent to the court by way of 'an official filing or voicing of consent'" in a timely fashion. *Production Stamping Corp.*, 829 F. Supp. at 1076. Based on the foregoing, I conclude that the removal in this case was defective.

Defendants' argument that to remand under these circumstances would be to elevate form over substance cannot save the removal. The procedure for removal is, by its nature, a matter of form. But the procedural rules governing removal cannot be lightly set aside as mere technicalities. Their technical nature and strict application further the goal of restraining the reach of removal jurisdiction to cases where it is clear that all of the defendants desire a federal forum. *Production Stamping Corp.*, 829 F. Supp. at 1076 ("By requiring each defendant to formally and explicitly consent to removal, one defendant is prevented from choosing a forum for all."). Strict application of these procedural rules also protects against the erroneous exercise of federal jurisdiction. This

5

is the reason for the rule that "[w]hen there is doubt as to the right to removal in the first instance, ambiguities are to be construed against removal." *Samuel v. Langham*, 780 F. Supp. 424, 427 (N.D.Tex.1992). It is better for a district court to remand a case whose removal is defective at the outset than to have the Court of Appeals take such action after the parties have incurred the expense of trial or other disposition.[2]

An order remanding a case to state court may require payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[3] 28 U.S.C. § 1447(c). I decline to order costs and attorneys fees here, however. The requirement that all defendants must file written consent for removal within the time allowed is not plain from the statute governing removal but has its source in the cases construing that language. Moreover, defendants' argument that they substantially complied with that requirement or, alternatively, that the defect is curable, is not without some support in the law. The issue before the Court is one of first impression in the Seventh Circuit, and the defendants' error, inasmuch as it prevented proper removal under the relevant case law, did not blatantly violate a statutory provision. Under these circumstances, I conclude actual expenses and attorneys fees should not be awarded.

---

[2] Because I find that defendants did not satisfy the requirements of the rule of unanimity in a timely manner when they failed to file the written consent of Best Craft within the thirty-day time period allowed, I need not determine whether the individual who ultimately signed a consent form for Best Craft had proper authority to do so on its behalf.

[3] 28 U.S.C. § 1447 provides, in pertinent part: (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court.

6

**IT IS THEREFORE ORDERED** that plaintiffs' motion to remand is **GRANTED**, and defendants' motions to amend the notice of removal, intervene, bifurcate and stay, amend an answer to include affirmative defenses, and dismiss claims against Julie Lindquist are **DENIED** as moot. A certified copy of this order shall be mailed to the clerk of the Marinette County Circuit Court pursuant to 28 U.S.C. § 1447(c).

Dated this   29th   day of August, 2007.

                                                s/ William C. Griesbach
                                              William C. Griesbach
                                              United States District Judge

7

Case 1:07-cv-00602-WCG   Filed 08/29/07   Page 7 of 7   Document 172